[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
Defendants move to dismiss the Ninth, Tenth, Eleventh and Twelfth Counts of the complaint because the "plaintiffs allege violations of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-51 et seq., but did not exhaust their administrative remedies."
Under the Ninth Count, the first plaintiff incorporates all allegations of the First Count and alleges, in addition, a claim of age discrimination in violation of § 46a-60 and various injuries including emotional distress. Said plaintiff "claims judgment . . . for compensatory damages, punitive damages, costs, attorney fees and injunctive relief."
Under the Tenth Count, the second plaintiff asserts all of the allegations of the Ninth Count and makes the same claims for relief as to herself.
Under the Eleventh Count, the first plaintiff incorporates paragraphs 1 and 2 of the First Count and alleges, in addition discrimination "because of sex" in violation of Title 46a. Said plaintiff "claims judgment . . . for compensatory damages, CT Page 12572-Z punitive damages, attorney fees, the costs of this action and such equitable relief as to this court shall seem fair and reasonable."
Under the Twelfth Count, the Second plaintiff asserts all of the allegations of the Eleventh Count and makes the same claims for relief as to herself.
CHRO does not have authority to award attorney's fees and compensatory damages, including damages for emotional distress.Bridgeport Hospital v. Commissioner on Human Rights andOpportunities, 232 Conn. 91. Therefore, plaintiffs need not exhaust administrative remedies through CHRO before instituting the present action. Sullivan v. Board of Police Commissioners,196 Conn. 208; Simko v. Ervin, 234 Conn. 498, 503-508.
Ronald J. Fracasse, Judge