[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS COUNTERCLAIM
The plaintiff moves to dismiss Count One of the defendant's counterclaim on the ground that the court lacks subject matter jurisdiction because the defendant has failed to exhaust its administrative remedies.
The defendant, Huntington Kildare, Inc., is the owner of the Hatch Pond Dam ("Dam"). On April 7, 1994, pursuant to General Statutes §§ 22a-6 and 22a-402, the plaintiff, Sidney J. Holbrook, the Commissioner of Environmental Protection, issued Order DSO-92-005 ("Order"), requiring the defendant to CT Page 13919 take certain actions regarding the Dam. On March 23, 1995, based on the defendant's alleged noncompliance with the Order, the plaintiff filed this action. On June 30, 1995, the plaintiff filed a revised complaint.
On August 7, 1995, the defendant filed an answer, special defenses, and a four count counterclaim. In Count One, the defendant alleges that the Department of Environmental Protection knew or should have known that the former owners of the Dam had made all necessary repairs, that a flood would affect only uninhabited forest land, land occupied by the defendant's livestock or property located in New York, that the Department of Environmental Protection knew or should have known that the defendant has made significant efforts to comply with the plaintiff's Order for repairs, and that the engineer recommended by the plaintiff asked an excessive fee for unnecessary work. As a result, the defendant alleges that the plaintiff's order is arbitrary, capricious, and unsupported in fact and law. Accordingly, the defendant alleges that the plaintiff's Order is unenforceable.
On August 25, 1995, the plaintiff filed a motion to dismiss the defendant's counterclaim. On the same date, the plaintiff filed a memorandum in support of his motion to dismiss. On August 30, 1995, the defendant withdrew Counts Two, Three, and Four of its counterclaim. On September 8, 1995, the defendant filed an objection to the plaintiff's motion to dismiss Count One of the defendant's counterclaim. On the same date, the defendant filed a memorandum in support of his objection to the plaintiff's motion to dismiss. On September 11, 1995, the plaintiff filed a reply to the defendant's objection to the plaintiff's motion to dismiss.
A motion to dismiss "attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 540,590 A.2d 914 (1990). "`It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter.'" Simko v. Ervin,234 Conn. 498, 503, ___ A.2d ___ (1995). Whether a party has exhausted administrative remedies implicates subject matter jurisdiction. Polymer Resources, Ltd. v. Keeney, 227 Conn. 545,557, 630 A.2d 1304 (1993). Therefore, failure to exhaust CT Page 13920 administrative remedies is a permissible basis for a motion to dismiss. Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 555, 529 A.2d 666 (1987).
In his memorandum in support of his motion to dismiss, the plaintiff argues that the defendant did not request an administrative hearing, pursuant to General Statutes §22a-408,[1] regarding the Order, nor did the defendant file a declaratory action with the Commissioner of Environmental Protection, pursuant to General Statutes § 4-176(a),[2]
requesting clarification of the defendant's rights and obligations with respect to the Dam. The plaintiff therefore argues that the defendant has failed to exhaust its administrative remedies. The plaintiff argues that based on this failure to comply with the exhaustion doctrine, the court lacks subject matter jurisdiction over Count One of the defendant's counterclaim.
In its memorandum in support of its objection to the plaintiff's motion to dismiss, the defendant argues that the defendant falls within the futility exception to the exhaustion requirement for several reasons. First, the defendant argues that in the plaintiff's objection to the defendant's request to revise, the plaintiff stated that the Order was final and that the defendant may not litigate the issues raised in the Order. The defendant further argues that the plaintiff's motion to dismiss similarly describes the plaintiff's Order as final and unappealable. Next, the defendant argues that the plaintiff has rejected the defendant's attempts to comply with the Order in an effort to perpetuate the issue of the Dam's safety. For example, the defendant notes that the plaintiff has ordered the defendant to provide a detailed evacuation plan irregardless of the defendant's contention that the most immediate threat in the event of the Dam's failure is a small number of livestock owned by the defendant. The defendant further asserts that the nearest human beings living downstream of the Dam are located in New York, many miles away from the Dam.
In response, the plaintiff argues that the defendant's disagreement with its conclusions regarding the safety of the Dam, and the need for the detailed evacuation plan, is irrelevant in qualifying for the futility exception, a narrowly defined exception to the exhaustion requirement. The plaintiff further argues that even if a declaratory ruling CT Page 13921 from the Commissioner of Environmental Protection was determined to be futile, the defendant may seek recourse pursuant to a hearing under General Statutes § 22a-408. The plaintiff argues that the defendant has not set forth any facts which support the defendant's contention that it would be futile to seek a declaratory ruling pursuant to General Statutes § 4-176(a). Specifically, the plaintiff argues that the defendant's conclusions regarding the safety of the Dam and the need for the detailed evacuation plan are based on unsubstantiated statements of the defendant's counsel and that even if these allegations were properly before the court, they would be irrelevant in determining the defendant's claim of futility. The plaintiff finally argues that the defendant's conclusory statement will not support a claim of futility.
"`It is a well settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter.'" Simko v. Ervin, supra, 234 Conn. 503. This doctrine is "`grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions.'" Francini v. Zoning Boardof Appeals, 228 Conn. 785, 794, 639 A.2d 519 (1994). The exhaustion requirement also "`relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review'" Simko v. Ervin, supra,234 Conn. 504.
Nevertheless, the Connecticut Supreme Court has "`grudgingly carved several exceptions from the exhaustion doctrine.'" Labbe v. Pension Commission, 229 Conn. 801, 812,643 A.2d 1268 (1994). The Connecticut Supreme Court has "recognized such exceptions only infrequently and only for narrowly defined purposes." (Internal quotation marks omitted.) Polymer Resources, Ltd. v. Keeney, supra,227 Conn. 561. For example, the Connecticut Supreme Court has "recognized that a party aggrieved by a decision of an administrative agency may be excused from exhaustion of administrative remedies if: recourse to the administrative remedy would be futile or inadequate[.]" (Internal quotation marks omitted.) Id.
"`It is futile to seek a remedy only when such action CT Page 13922 could not result in a favorable decision and invariably would result in further judicial proceedings.'" Simko v. Ervin,
supra, 234 Conn. 507. Therefore, "a mere conclusory assertion that an agency will not reconsider its decision does not excuse compliance with the exhaustion requirement." PolymerResources, Ltd. v. Keeney, supra, 227 Conn. 562. In other words, the Connecticut Supreme Court has "never held that the mere possibility that an administrative agency may deny a party the specific relief requested is a ground for an exception to the exhaustion requirement." Concerned Citizensof Sterling v. Town of Sterling, supra, 204 Conn. 559.
For example, in Simko v. Ervin, supra, 234 Conn. 507, the Court held that "the plaintiffs' mere suspicion of bias on the part of members of the board, without more, is not sufficient to excuse them, on grounds of futility, from the exhaustion requirement." In addition, in Labbe v. Pension Commission,
supra, 229 Conn. 814, the Court held that "the fact that the commissioner [of the Connecticut department of housing] had taken a position in a letter `did not relieve the [housing authority] of its obligation to pursue its administrative remedies in an effort to persuade the commissioner that his position was legally incorrect.'" Finally, in LaCroix v.Board of Education, 199 Conn. 70, 84-85, 505 A.2d 1233 (1986), the Court held that "`the statutory remedies are not rendered futile by the plaintiff's conclusory assertion that requesting and attending a hearing before the defendant board would have been pointless in the face of the board's earlier decision to terminate his employment . . . Had the plaintiff requested and attended a hearing following the board's . . . letter, he would have been able to raise the issue of lack of impartiality in an administrative appeal. By not appearing before the board, the plaintiff not only deprived the defendant board of the opportunity to hear, analyze and review a matter within its responsibility and expertise, but also deprived [him] self of the opportunity to put on [his] case and to make a proper record on which to seek judicial relief in the event [he] was terminated." (Internal quotation marks omitted.)
In contrast, in Cahill v. Board of Education, 187 Conn. 94,103-04, 444 A.2d 907 (1982), the Connecticut Supreme Court held that it would be futile for the plaintiff to appeal the agency's decision because the agency's statutory power did not extend to the dispute in question. Another situation where CT Page 13923 the Connecticut Supreme Court held that it would be futile to pursue administrative remedies was presented in Greenwich v.Liquor Control Commission, 191 Conn. 528, 529, 469 A.2d 382,542 (1983). In Greenwich v. Liquor Control Commission, supra, the defendants, Francis W. McGuire and Tavern on the Rocks, Inc., were denied a night club liquor permit by Maurice F. Roddy, the zoning enforcement officer, building inspector and building official of Greenwich. While appealing this decision to the zoning board of appeals, the Connecticut liquor control commission issued a night club liquor permit to the defendants. Id. Based on these facts, the Connecticut Supreme Court held that "[h]aving adequately obtained the relief they originally sought through their request to Roddy to certify their application, [the defendants] no longer pressed their court appeal from the zoning board of appeals. To do so would have availed them of nothing." Id., 542.
Because the defendant has not pursued an administrative hearing, pursuant to General Statutes § 22a-408, or petitioned for a declaratory action with the Commissioner of Environmental Protection, pursuant to General Statutes § 4-176
(a), the defendant has not exhausted its administrative remedies. The defendant contends that it would be futile to pursue administrative remedies because the plaintiff described the Order as final, because the plaintiff stated that the defendant may not seek to litigate the issues raised in the Order, and because the Commissioner has unnecessarily required a detailed evacuation plan and compliance with extensive safety requirements. The defendant's contention, based on the foregoing reasons, that it would be futile to pursue administrative remedies is conclusory and does not prove that the administrative hearing or declaratory ruling could not result in a decision favorable to the defendant. The defendant's claim of futility does not excuse the defendant from complying with the exhaustion requirement. Therefore, the court lacks subject matter jurisdiction over Count One of the defendant's counterclaim. Accordingly, the plaintiff's motion to dismiss Count One of the defendant's counterclaim is granted.
M. Hennessey, J.