[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT TOWN OF GRISWOLD'S MOTION TO DISMISS
By way of their amended complaint filed December 31, 1997, the plaintiffs seek damages for alleged constitutional violations resulting from the November 13, 1995 Town of Griswold Planning 
Zoning Commission's decision granting the Jewett City Water Company's special exception to construct a water filtration plant.[1]
This case was brought as an administrative appeal, filed with the Superior Court on July 1, 1996, in which the plaintiffs sought review of the Planning Zoning Commission's November 13, 1995 decision, Docket No. CV950109165.[2] On February 5, 1997 Judge Hendel dismissed that action on the basis that the plaintiffs failed to exhaust their administrative remedies in their failure to file an appeal of the Planning Zoning Commission's decision with the Department of Public Utilities Control pursuant to General Statutes § 16-235 and based upon their failure to identify a statutory right to bring their appeal directly to the Superior Court [19 CONN. L. RPTR. 106].
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief. . ." (Internal quotations omitted; Citations omitted.) Simko v. Ervin,234 Conn. 498, 503-04, 661 A.2d 1018 (1995). "[The Court has] frequently CT Page 10895 held that when a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." Cummings v.Tripp, 204 Conn. 67, 78, 527 A.2d 230 (1987).
"This doctrine is subject to a few limited exceptions, one being that a party may bring an independent action to test certain constitutional issues without first having resorted to the provided administrative remedy. Nonetheless, direct judicial adjudication even of constitutional claims is not warranted when the relief sought by [the litigants] might conceivably have been obtained through an alternative [statutory] procedure . . . which [the litigants have] chosen to ignore." (Internal quotation marks omitted; Citations omitted.) Owner-Operators Independent DriversAssn. America v. State, 209 Conn. 679, 687, 553 A.2d 1104 (1989). In this case the plaintiffs are merely attempting to relitigate their dispute with the Planning Zoning Commission's November 13, 1995 decision by now claiming constitutional violations.
Accordingly, in light of Judge Hendel's February 5, 1997 decision, the defendant Town of Griswold's motion to dismiss is granted.
D. Michael Hurley, Judge Trial Referee