[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
The plaintiffs appeal the decision made by the defendant, David L. Atkinson, Zoning and Building Official of the City of Groton (hereinafter "ZEO"), granting an application for a special permit filed in connection with the use of real property located at 359-361 Thames Street, Groton, CT. Said property is located in a Waterfront Business Residence Zone ("WBR").
On May 29, 1998, the defendant, Garbo Lobster, filed an application with the defendant, City of Groton Planning and Zoning Commission (hereinafter "Commission"), for a special permit to operate an industrial facility for the storage, distribution and wholesale of seafood at the aforementioned location. The Zoning Regulations for the City of Groton require that a property owner wishing to establish certain uses within the WBR zone, must obtain a special permit from the Commission.
On August 5, 1998, the ZEO rendered his decision. In his decision, the ZEO determined that, based on the administrative record, which included the application, plans, specifications and other evidence presented, the application met the requirements for a facility for the storage, distribution and wholesale of seafood.
No public hearing was held regarding this application prior to the decision of the ZEO. Notice of the decision was published in The Day on August 8, 1998.
On December 9, 1998, the defendant, Garbo Lobster, moved to dismiss the appeal for lack of subject matter jurisdiction. The defendant also filed a supporting memorandum of law. CT Page 4553
On January 7, 1999, the plaintiffs filed a motion in opposition along with a memorandum of law in support.
"A motion to dismiss . . . properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637,645-46 n. 13, 668 A.2d 1314 (1995).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v. Ervin,234 Conn. 498, 503, 661 A.2d 1018 (1995). "Exhaustion is required even in cases where the agency's jurisdiction over the proposed activity has been challenged . . . This requirement reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local boards judgment." (Citations omitted; internal quotation marks omitted.)O G Industries, Inc. v. Planning Zoning Commission,232 Conn. 419, 425, 655 A.2d 1121 (1995). Consequently, judicial review of administrative decisions is available to persons who have exhausted all available administrative remedies and who are aggrieved by a final decision. See General Statutes § 4-183
(a). Where a final decision has not been rendered, the court lacks subject matter jurisdiction to hear the appeal. Neri v.Powers, 3 Conn. App. 531, 537, 490 A.2d 528 (1985).
The defendant argues that this court lacks subject matter jurisdiction over the present appeal because the decision of the ZEO was not a final decision. Alternatively, the defendant argues that the plaintiffs failed to exhaust their administrative remedies by not appealing the ZEO's decision to the ZBA.
In opposition, the plaintiffs argue that the decision of the ZEO was an appealable decision, and moreover, that the ZBA does not have jurisdiction over the decision made by the ZEO because: (1) the action was not made in the enforcement of the zoning CT Page 4554 regulations; and (2) the zoning regulations did not provide that appeals may be taken to the ZBA.
The record reveals that the decision of the ZEO was a preliminary interpretation of the zoning regulations and that this initial interpretation was subject to secondary review by the Groton Planning Zoning Commission. This is evidenced by the fact that the Groton Planning and Zoning Commission ultimately granted the subject permit on November 4, 1998, based upon its own evaluation. See Defendant's Memorandum of Law, Exhibit B: Plaintiffs Petition for Administrative Appeal, dated November 23, 1998; Plaintiffs Supplemental Memorandum, dated March 26, 1999.
Consequently, this court holds that the ZEO's decision was not a final decision of the Groton Planning Zoning Commission. As a preliminary interpretation of the zoning regulations, the ZEO's decision is not appealable to this court.
Accordingly, this court lacks jurisdiction over the present appeal. The defendant's motion to dismiss is hereby granted.
Mihalakos, J.