Kim PERSKY, Plaintiff,

v.

CENDANT CORPORATION,
Defendant.

No. 399CV02273(EBB).

United States District Court,
D. Connecticut.

Sept. 14, 2000.

Joseph D. Garrison, Jeffrey S. bagnell, Garrison, Phelan, Levin–Epstein, Chimes and Richardson, P.C., New Haven, CT, for Plaintiff.

James F. Shea, William Anthony, Jackson, Lewis, Schnitzler & Krupman, Hartford, CT, for Defendant.

## RULING ON MOTION TO DISMISS COUNT TWO OF THE COMPLAINT

BURNS, Senior District Judge.

### INTRODUCTION

Plaintiff Kim Persky ("Plaintiff" or "Ms. Persky"), brings this three-count Complaint against her former employer, Defendant Cendant Corporation ("Defendant" or "Cendant"). Count I alleges a violation of the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(2) ("FMLA"). Count II is brought under Connecticut law and asserts a violation of the Connecticut Family and Medical Leave Act, Conn.Gen.Stat. § 31–51kk *et seq.* ("CFMLA"). Count III is again brought pursuant to federal law and claims a violation of the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 *et seq.* Defendant has moved to dismiss Count II, contending that Ms. Persky has failed to exhaust her administrative remedies, as required under the CFLMA. In contradistinction, Ms. Persky argues that there is no exhaustion requirement under the Connecticut statute.

### STATEMENT OF FACTS

The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this Motion. The facts are distilled from the Complaint.

In September of 1999, Ms. Persky notified Cendant of her intention to take a leave of absence pursuant to the terms of the FMLA and the CFMLA, to care for her new born child. At the time of the

giving of this notice, Ms. Persky was employed by Cendant as the General Manager of Cendant's Microsoft Sidewalk advertising and sales organization.

Ms. Persky's leave commenced on January 25, 1999.

On February 24, 1999 Microsoft purchased the Sidewalk unit from Cendant, about which Plaintiff was advised on or about March 1, 1999. On or about March 16, 1999, Anne Collins of the Human Resources Department called Plaintiff to inform her that her position had been eliminated.

On or about April 6, 1999, Ms. Collins advised Plaintiff that there existed no job positions comparable to that which she had worked prior to her leave. A few days prior to her leave of absence expiring, Cendant offered Plaintiff several employment positions with the Company. Ms. Persky failed to accept any of these positions because they entailed a loss of professional responsibility, represented a step backward in her career and would harm her career advancement opportunities in the future,

This action followed.

### LEGAL ANALYSIS

#### I. *The Standard of Review*

■ A *Motion to Dismiss* under Rule 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et al., *Moore's Federal Practice* ¶ 12.07, at 12–49 (2d ed.1994). When considering a motion to dismiss under this subsection of Rule 12, the allegations of the Complaint are construed in the Plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). However, once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party

asserting such jurisdiction. *See Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942), *cited to in LaFrancis v. United States,* 66 F.Supp.2d. 335, 337 (D.Conn.1999).

#### II. *The Standard As Applied*

In April, 1996, the Connecticut Legislature mandated that the Labor Commissioner adopt regulations, in accordance with the Uniform Administrative Procedures Act,[1] to establish procedures and guidelines necessary to implement the provisions of the CFMLA including, but not limited to, procedures for hearings and redress, including restoration and restitution, for an employee who believes that his or her employer is violating the CFMLA. "In adopting such regulations, the commissioner shall make reasonable efforts to ensure compatibility of state regulatory provisions with similar provisions of the federal [FMLA] of 1993 and the regulations promulgated pursuant to said act." Conn.Gen.Stat. § 31–51qq.

■ The result is the application of the regulatory scheme of the UAPA as incorporated into the CFMLA, Conn.Gen.Stat. Sections 31–51kk to 31–51qq, inclusive. Defendant asserts that both the legislative history of the Act and the Commissioner's implementation thereof under the UAPA requires the exhaustion of administrative remedies before an aggrieved employee may resort to a judicial proceeding. Plaintiff asserts that, inasmuch as the FLMA has no requirement that such an employee use an administrative remedy first, the CFLMA, likewise, must be read to permit immediate resort to a court. The Court disagrees with Plaintiff's analysis.

The Commissioner's regulations explicitly provide that an aggrieved employee "may file a complaint with the Labor Department if he believes that . . . (2) his employer discharged, or caused to be discharged, or in any manner discriminated against an employee . . . because such em-

---

1. Conn.Gen.Stat. § 4–166 *et seq.*

ployee has exercised the rights afforded to such employee under the Act." Conn. Agencies Regs. § 31–55qq–43. Although Plaintiff reads the word "may" to mean that one "may" use the administrative process or "may", in the alternative, proceed directly to a court, the better reading of the word "may" is that the employee "may" use the administrative process if she so chooses, but "may" elect to take no action if she so wishes not.

The FMLA specifically grants individuals the choice of filing a civil action in any court of competent jurisdiction or filing an administrative action with the Secretary of Labor. 29 U.S.C. § 2617(a) and (b). These provisions existed prior to the 1996 amendments to the CFMLA. "In the interpretation of statutes, the intent of the legislature is to be found not in what it meant to say but what it did say ... The legislature is supreme in the areas of legislation, and the court must apply statutory enactments according to their plain terms." *Federal Aviation Admin. v. Administrator,* 196 Conn. 546, 550, 494 A.2d 564 (1985) (citations omitted). Had the legislature wanted to create a new, substantive, direct cause of action for Connecticut employees, the legislation have so stated, as does the FLMA. The right is too important to be left unsaid and to be established by a court instead of the legislature.

■ "Where a statutory requirement of exhaustion is not explicit, courts are guided by [legislative] intent in determining whether application of the doctrine would be consistent with the statutory scheme." *Patsy v. Florida Board of Regents,* 457 U.S. 496, 502 n. 4, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). One may also look to the legislation to see if it has an over-all comprehensive scheme for remedying a violation of the statute. If one so finds, then the likelihood of the exhaustion doctrine comes into play. *See generally, Howell v. I.N.S.,* 72 F.3d 288, 291 (2d Cir.1995) (requirement of exhaustion "may arise from explicit statutory language of statute or

from an administrative scheme providing for agency relief.") (citation omitted). The existence of a "comprehensive" or "sweeping" administrative scheme demonstrates, by itself, the legislative intent that administrative remedies be exhausted before a judicial remedy may be sought. *Johnson v. Statewide Grievance Committee,* 248 Conn. 87, 97, 726 A.2d 1154 (1999) ("in light of the comprehensive nature of the administrative scheme [of the grievance procedure], exhaustion of remedies available thereunder is a jurisdictional prerequisite to judicial relief.")

It is beyond cavil that the CFMLA contains such an administrative scheme and that it provides a claimant the full panoply of rights and remedies thereunder. *See* Conn.Agen. Regs. §§ 31–qq–43–31–qq–47. The Labor Commissioner has a broad range of remedies to offer a claimant, including restoration of rights and benefits, reinstatement, back pay and other monetary compensation for any loss which was a direct result of a violation of CFMLA. This range of remedies is further confirmation that exhaustion of administrative remedies is required under the CFMLA prior to judicial action being initiated.

The two-part rationale for the exhaustion doctrine is (1) to effectuate the legislative intent that the issue in question "be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment, and (2) to relieve courts of the burden of prematurely deciding questions that may be resolved satisfactorily through the administrative process." *Simko v. Ervin,* 234 Conn. 498, 504, 661 A.2d 1018 (1995) *cited in Loulis v, Parrott,* 241 Conn. 180, 191, 695 A.2d 1040 (1997).

This Court finds that the Labor Department is fully equipped with the expertise to adjudicate a claim under CFMLA in the first instance, as it is responsible for such legislation, and has a full array of remedies to order. This Court, further, would bene-

fit from an administrative record, if an appeal need be taken. Or, on the other hand, the process may not require judicial assistance at all.

### CONCLUSION

For each of the foregoing reasons, the Court holds that the Plaintiff must exhaust her administrative remedies under CFMLA before bringing a direct cause of action to this Court. Defendant's Motion to Dismiss Count II [Doc. No. 5] is hereby GRANTED.

SO ORDERED.