[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of the termination of the Plaintiff's employment by the Defendant, Lexington Healthcare Group, Inc. d/b/a Heritage Heights Care Center. The Plaintiff, Lisa Sealund, claims that on February 4, 1999, the Defendant wrongfully terminated her because she was pregnant. On June 1, 2000, the Plaintiff commenced this action against the Defendant by a two count complaint. Count one alleges that the Defendant's conduct constituted a discriminatory employment practice in violation of General Statutes § 46a-60. Count two alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et CT Page 15647 seq. The Defendant has moved to dismiss count one of the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction because the Plaintiff failed to obtain a release to sue from the Commission on Human Rights and Opportunities (CHRO).
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Johnson v.Department of Public Health, 48 Conn. App. 102, 107-108, 710 A.2d 176
(1998). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
Pursuant to § 46a-60, the Plaintiff filed a discrimination claim against the Defendant with the CHRO, which dismissed the claim on December 17, 1999. The Plaintiff did not appeal the dismissal of her claim nor did she obtain a release to sue from the CHRO prior to commencing the present action. The Defendant asserts that the court lacks subject matter jurisdiction over count one of the Plaintiff's complaint because the Plaintiff failed to obtain a release to sue from the CHRO as required by §§ 46a-100[1] and 46a-101.[2] The Plaintiff contends that she is not required to exhaust the administrative remedies available through the CHRO because those remedies are inadequate.
"It is a settled principle of administrative law that, if an adequate remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.)Simko v. Ervin, 234 Conn. 498, 503, 661 A.2d 1018 (1995). The Connecticut Supreme Court, however, has "recognized an exception to the exhaustion requirement where recourse to the administrative process is futile or provides an inadequate remedy. . . . An administrative remedy is futile or inadequate if the agency lacks authority to grant the requested relief." (Citations omitted.) Payne v. Fairfield Hills Hospital, 215 Conn. 675,680 n. 3, 578 A.2d 1025 (1990).
In the present case, the Plaintiff seeks compensatory damages for emotional distress, and attorney's fees. The CHRO does not have authority to award attorney's fees, costs, punitive damages or compensatory damages, including damages for emotional distress, for a violation of § 46a-60. Bridgeport Hospital v. Commission on Human RightsCT Page 15648 Opportunities, 232 Conn. 91, 93, 101, 653 A.2d 782 (1995).
A split of authority exists within the Superior Court as to whether a cause of action seeking compensatory or punitive damages and attorney's fees constitutes an exception to the exhaustion doctrine because it seeks relief that the CHRO does not have authority to award. One line of cases holds that even if a Plaintiff seeks relief that the CHRO cannot provide, the Plaintiff must exhaust the administrative remedies available through the CHRO. See Calinescu v. Pegasus Management Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 262742 (December 30, 1998, Beach, J.). The opposing view holds that where a Plaintiff seeks relief that the CHRO cannot provide, the Plaintiff is not required to exhaust the available administrative remedies because those remedies are inadequate. See Delvecchio v. Griggs Browne Company,Inc., Superior Court, judicial district of New London at Norwich, Docket No. 118659 (April 17, 2000, Hurley, J.T.R.) (27 Conn.L.Rptr. 89).
This court finds the reasoning of the latter line of cases more persuasive. Therefore, in the present case, because the Plaintiff seeks compensatory damages for emotional distress, and attorney's fees, she is not required to exhaust the administrative remedies available through the CHRO. Furthermore, by filing a complaint with the CHRO and giving the agency an opportunity to address the matter before filing suit, the plaintiff has sufficiently pursued the administrative remedies available to her. Accordingly, the defendant's motion to dismiss is hereby denied.
Hiller, J.