[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTIONS TO DISMISS
CT Page 13468-dj
The defendants in this action, Paul and Christina Vizzo, obtained a driveway permit from the town of Oxford as a prelude to constructing a new house on property they owned on Park Road in Oxford. Although the proposed new structure sits on Park Road, the proposed driveway exits from Old English Road. The defendants also ultimately obtained a zoning permit and a building permit. The plaintiffs are the owners of homes and property on Park Road within five hundred feet from the defendant's property. The plaintiffs objected to the issuance of the permits and appealed the issuance of the zoning permit to the Oxford Board of Appeals, contending that the permit is invalid because Old English Road is not an approved road.
While the appeal was pending before the board, the plaintiffs brought this action seeking a temporary and permanent injunction, restraining the defendants from proceeding with construction of the home during the appeal process. Action was brought against the Vizzos, the owners of the property, as well as the Oxford Planning and Zoning Commission and the town zoning enforcement officer.
The defendants have moved to dismiss the injunction complaint. The Vizzos claim that the court lacks subject matter jurisdiction as the plaintiffs have failed to exhaust their administrative remedies, lack standing to bring this action and have an adequate remedy at law. The town of Oxford and the zoning enforcement officer also claim that the plaintiffs have failed to exhaust their administrative remedies and have failed to cite and serve the I town clerk or the chairman of the zoning commission as required by General Statutes § 8- 8(e). All of the parties have filed memorandums of law in support of, and in opposition to, the motions to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983).
As noted, the defendants claim that plaintiffs have failed to exhaust their administrative remedies. They note that because the plaintiffs have CT Page 13468-dk appealed the issuance of the zoning permit to the Oxford zoning board of appeals, and have also stated in their complaint that they intend to appeal any adverse decision by the zoning board to the Superior Court, these administrative procedures must be completed before the current action can be brought. If the plaintiffs have, in fact, failed to exhaust their administrative remedies, dismissal of the action would be proper.OG Industries, Inc. v. Planning Zoning Commission, 232 Conn. 419,655 A.2d 1121 (1995).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment. It also relieves courts of the burden of prematurely I deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Citations omitted; internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498, 503,661 A.2d 1018 (1995). "Although the general rule is that if an adequate administrative remedy exists, it must be exhausted, like any other general rule, the rule of exhaustion of administrative remedies is subject to some exceptions, although [Connecticut courts have] recognized such exceptions only infrequently and only for narrowly defined purposes." (Internal quotation marks omitted.) Cummings v. Tripp,204 Conn. 67, 81, 527 A.2d 230 (1987).
One exception to the exhaustion doctrine is that "[a]ny person specifically and materially damaged by a violation of the zoning ordinances which has occurred or is likely to occur on another's land may seek injunctive relief restraining such violation [without exhausting administrative remedies]." (Internal quotation marks omitted. Cummingsv. Tripp, supra, 204 Conn. 75.[1] For this exception to apply, the requested relief must be equitable in nature. Borden v. Planning ZoningCommission, 58 Conn. App. 399, 411, 755 A.2d 224, cert. denied,254 Conn. 921, 759 A.2d 1023 (2000).[2] The complaint must allege a violation of a zoning regulation, rather than violation of the terms of a variance. Simko v. Ervin, 234 Conn. 498, 661 A.2d 1018 (1995). Finally, the complaint must allege facts showing that the plaintiffs will be specifically and materially damaged by a violation of the zoning ordinances. Cummings v. Tripp, supra, 204 Conn. 75. CT Page 13468-dl
In other Superior Court decisions, actions were brought to enjoin the continued construction of structures where zoning violations were alleged. Motions to dismiss based on the failure to exhaust administrative remedies were denied. Pierotti v. Palladino, judicial district of Stamford/Norwalk at Stamford, Docket No. 134075 (February 1, 1994, Lewis, J.); Niesyn v. City of Bridgeport, judicial district of Fairfield at Bridgeport, Docket No. 320831 (September 11, 1997,Skolnick, J.) (20 Conn. L. Rptr. 605).
The court takes judicial notice that subsequent to filing this action, the plaintiffs have, in fact, filed an appeal to the Superior Court of the decision by the Oxford zoning board of appeals. See Sciortino v.Oxford, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 074801.[3] The fact that an administrative appeal is pending dealing with the substantive merits of the plaintiffs claim does not prevent the plaintiff from bringing a separate action in Superior Court seeking an injunction preventing a zoning violation while the zoning appeal is pending.[4] The court makes no decision as to the substantive merits of the plaintiffs claims which should be addressed in the ultimate determination of whether an injunction should issue in this action and in the pending administrative appeal. The limited issue addressed by this court is whether the present action should be dismissed.
The plaintiff seeks to enjoin the continued violation of the Oxford zoning regulations while its administrative appeal of the alleged violation is pending. It is well established that "[i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."(Internal quotation marks omitted.)Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271
(1999). Construing the facts of the complaint in a manner most favorable to the plaintiff, the court finds that the plaintiff has alleged facts of specific and material damage which the plaintiff would suffer if the defendants were not enjoined from the continued zoning violation alleged. Construction of the structure on defendant's property could continue, to completion, with additional damage to Old English Road, as claimed by the plaintiff. Therefore, the motion to dismiss on the grounds of failure of the plaintiffs to exhaust their administrative remedies is denied. CT Page 13468-dm
The Vizzos also move to dismiss the complaint on the ground that the plaintiffs lack standing. "Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjustiacable interests and that judicial decisions which may affect the rights of others are forged in hot It controversy, with each view fairly and vigorously represented. . . . Thus, standing does not hinge on whether the plaintiff will ultimately be entitled to obtain relief on the merits of an action, but on whether he is entitled to seek the relief. . . . Standing concerns the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." (Citations omitted; internal quotation marks omitted.) Lewis v. Swain,49 Conn. App. 669, 675, 716 A.2d 127 (1998). Construing the facts of the complaint in a manner most favorable to the plaintiffs, the court finds that the plaintiffs, who own property which abuts, or is in close proximity to, the defendant's property and whose sole access to their property is over the road which comprises the basis for the claimed zoning violation, Old English Road, are arguably within the zone of interests protected by the disputed zoning regulation to have standing to bring this action. The motion to dismiss based on lack of standing is denied.
The Vizzos also move to dismiss the complaint on the ground that the plaintiffs have an adequate remedy at law through the administrative appeal process authorized under General Statutes § 8-8. Similarly, the town of Oxford and the zoning enforcement officer move to dismiss the complaint on the ground that the plaintiffs have failed to cite and serve the town clerk or the chairman of the zoning commission as required by General Statutes § 8-8 (e). Both claims incorrectly characterize this action as an administrative appeal under General Statutes § 8-8, rather than a separate action seeking the equitable remedy of an injunction to maintain the status quo while the appeal under General Statutes § 8-8 is pending. The motion to dismiss based on both grounds must also be denied on these last two grounds.[5]
Nadeau, J.