[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED FEBRUARY 13, 1996
On September 2, 1994, the plaintiffs, six teachers in the Connecticut public school system, filed a seven-count amended complaint against the State of Connecticut, the Teachers' Retirement Board (the Board) and Joseph Suggs, individually and in his capacity as Treasurer of the State of Connecticut.[1]
The complaint challenged the validity of Public Act 92-205, which amended the cost of living allowance provision (COLA) of the Teachers Retirement Statute (General Statutes § 183b, et. seq.).
On July 22, 1994, the Attorney General's office entered an appearance by Assistant Attorney General (AAG) Adler on behalf of the state, the Board and Suggs in his official capacity. On the same date, the Attorney General's office entered an appearance by AAG Haines on behalf of Suggs as an individual. On November 9, 1994, the defendants moved to dismiss the complaint on the ground that the plaintiffs failed to exhaust their administrative remedies.
The parties agreed to hold the judicial proceeding in abeyance, and on March 30, 1995, the plaintiffs petitioned the Board for a declaratory ruling on the applicability of the Public Act. On October 5, 1995, the plaintiffs filed a motion for an order prohibiting the Attorney General and his agents from CT Page 1365-PPPPP advising the board in the administrative proceedings. The Attorney General's office objected to the motion for order and submitted a memorandum of law in opposition.
The following additional facts were stipulated to by the parties. At the Board's first hearing on June 6, 1995, the Secretary of the Office of Policy and Management (OPM) petitioned the Board to become an additional party. The Board granted OPM's petition over the plaintiffs' objection. Thereafter, in all proceedings before the Board, OPM was represented by AAG Haines. Moreover, the Board was advised by AAG Adler during the public hearings and the closed executive sessions. At each of the public hearings and by a letter dated September 1, 1995, the plaintiffs raised the issue of the propriety of AAG Adler representing the Board.
The Attorney General's office argues that this court lacks the jurisdiction to disqualify an attorney appearing before a state agency in a separate administrative proceeding. It contends that the Uniform Administrative Procedure Act (UAPA), which defines judicial control and review of administrative proceedings, does not authorize the court to issue the type of pendente lite order requested by the plaintiffs. The plaintiffs contend that this court has the authority and the duty to regulate attorneys in any proceeding.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) LeConche v. Ellingers, 215 Conn. 701, 709, 579 A.2d 1
(1990). It "involves the authority of the court to adjudicate the type of controversy presented by the action before it." (Internal quotation marks omitted.) Lewis v. Gaming Policy Board, 224 Conn. 693,698, 620 A.2d 780 (1993). "Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Golden Hill Paugussett Tribe of Indiansv. Southbury, 231 Conn. 563, 570, 651 A.2d 1246 (1995).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court has jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498,503, 661 A.2d 1018 (1995). Section 4-183(a) of the UAPA CT Page 1365-QQQQQ provides that "`[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by afinal decision may appeal to the Superior Court as provided in this section.' (Emphasis added.) Accordingly, we have consistently held that the Superior Court has jurisdiction only over appeals from a final decision of an administrative agency . . . Under General Statutes § 4-166(3) final decision means (A) the agency determination in contested cases, (B) a declaratory ruling issued by an agency pursuant to Section 4-176
or (C) an agency decision made after reconsideration." (Citations omitted; internal quotation marks omitted.) Derwin v. StateEmployees Retirement Commission, 234 Conn. 411, 418,661 A.2d 1025 (1995).
In the present case, the parties have stayed the judicial proceeding pending the outcome of an administrative hearing. The declaratory ruling, which the plaintiffs requested from the Board, has not yet been issued. Thus, because the Board has not rendered a final decision, this court lacks the jurisdiction to issue an order that will effect the ongoing administrative proceedings.
Nevertheless, the plaintiffs contend that a final decision is not necessary because this court always has the authority to regulate an attorney in any proceeding. The plaintiffs cite several cases to support their position. First, the plaintiffs rely upon Commission on Special Revenue v. Freedom of InformationCommittee, 174 Conn. 308, 387 A.2d 533 (1978). In that case, the Supreme Court considered whether the Attorney General's office should be disqualified from representing both parties in an administrative hearing. That case, however, is distinguishable from the one at hand because the subject of the appeal inCommission on Special Revenue was a final agency decision. Thus, the jurisdiction of the trial court in that case was authorized by the UAPA.
Additionally, the plaintiffs cite Massameno v. StatewideGrievance Committee, 234 Conn. 539, 663 A.2d 317 (1995). InMassameno, the court held that the judicial branch of government, through the statewide grievance committee, has the authority to regulate and sanction the conduct of a prosecutor without violating the separation of powers. Massameno is inapposite to the present case because the plaintiffs are not asking this court to discipline the AAGs. CT Page 1365-RRRRR
Finally, the plaintiffs rely upon Bergeron v. Mackler,225 Conn. 391, 623 A.2d 489 (1993), to support their contention that this court has jurisdiction to issue the desired order. The subject matter of Bergeron, was the trial court's decision disqualifying the plaintiffs attorney. The plaintiffs cite this case for the proposition that the trial court has a duty to enforce the standards of professional conduct. That proposition, however, is inapplicable to the present case because in Bergeron
the trial court was applying the standards of professional conduct to an attorney appearing in an action before that court. Here, although the Attorney General's office is participating in an action assigned to this court, the plaintiffs seek to have them disqualified from participating in an administrative proceeding in front of a state agency.
This court concludes that it does not have the jurisdiction to issue the order requested. The motion is denied.
HAUSER, J.