[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Tracy Chester, appeals a decision of the defendant, Zoning Board of Appeals of the Town of Westport (ZBA), denying a variance (Return of Record [ROR], Item 29: Application No. #5012) to permit a deck on the plaintiffs property.
On September 26, 1994, the plaintiff filed an application with the ZBA requesting a variance to maintain a deck built before her purchase of the property in 1983, "which deck exceeds the allowable coverage for the zone." (ROR, Item 29: Application # 5012.) The property and deck in question are located in a "Res A zone" residential zone. (ROR, Item 2.)
On November 22, 1994, the ZBA held a public hearing to consider the application. The hearing was continued to January, 10, 1995. (ROR, Item 7: Transcript of Public Hearing.) On January 18, 1995, the ZBA denied the application. (ROR, Item 5: Letter of Decision from Joanne Leaman, Chairperson, Zoning Board of Appeals.) The ZBA's decision, made pursuant to General Statutes § 8-6(3), found that the plaintiff's septic tank was inadequate and needed to be improved. On January 18, 1995, the denial was published in the Westport News. (ROR, Item 3: Legal Notice.)
On February 9, 1995, the plaintiff commenced this appeal pursuant to General Statutes § 8-8. Service was made on Joan M. Hude, Town Clerk of Westport, and on Joanne Leaman, Chairman of the ZBA on February 2, 1995, by the deputy sheriff of Fairfield County. The Commission filed the return of record on December 12, 1995. The plaintiff filed her brief on June 12. 1995. and the ZBA filed its brief in reply on July 25, 1995. A hearing was held on December 13, 1995, Ryan, J.
The plaintiff appeals the decision on the ground that the ZBA acted arbitrarily and capriciously in denying the application because the property and deck in question has been rendered legally nonconforming by General Statutes § 8-13a. CT Page 3086
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. In order to take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right. Simko v. Zoning Board of Appeals, 206 Conn. 374,377, 538 A.2d 202 (1988), cert. denied, 489 U.S. 1069, 109 S.C. 1349
(1988). The statutory provisions are mandatory and jurisdictional in nature and failure to comply will result in dismissal of an appeal. Id., 377.
Aggrievement must be proven in order to establish the court's jurisdiction over a zoning appeal. Connecticut Resources RecoveryAuthority v. Planning Zoning Commission, 225 Conn. 731, 739 n. 12626 A.2d 705 (1993). An aggrieved person is a "person aggrieved by a decision of a board. . . ." General Statutes § 8-8
(a)(1). The plaintiff has established that she is aggrieved by the decision of the ZBA because she; is the owner of the property in question. See Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 303, 308, 592 A.2d 953 (1991); BossertCorporation v. City of Norwalk, 157 Conn. 265, 279, 253 A.2d 9
(1968). Under General Statutes § 8-8 (b) an appeal must be commenced within "fifteen days from the date that notice of the decision was published." On January 18, 1995, the denial was published in the Westport News. (ROR, Item 3.). Service was made on Joan M. Hude, Town Clerk of Westport, and on Joanne Leaman, Chairman of the ZBA on February 2, 1995. Thus, the plaintiffs appeal is timely.
"Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." (Citations omitted; internal quotation marks omitted.) DeBeradinis v. Zoning Commission,228 Conn. 187, 198, 635 A.2d 1220 (1994). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Double I Limited Partnership v. Planning ZoningCommission, supra, 218 Conn. 72. "The burden of proof to demonstrate that the board acted improperly is on the plaintiffs." (Internal quotation marks omitted.) Adolphson v.Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799
(1988). "It is well settled that a court, in reviewing the actions of an administrative agency, is not permitted to CT Page 3087 substitute its judgment for that of the agency or to make factual determinations on its own." (Internal quotation marks omitted.)Connecticut Resources Recovery Authority v. Planning ZoningCommission, 225 Conn. 731 744, 626 A.2d 705 (1993)
The plaintiff argues that the property is legally nonconforming pursuant to General Statutes § 8-13a. She maintains that "§ 8-13a exempted the deck from enforcement of the setback and coverage regulations inasmuch as Chester's deck had been in existence for more than three years prior to the town's action to enforce the regulations." (Plaintiff's Brief on Appeal). The defendant argues that it is not required to grant a variance to buildings which are non-conforming under § 8-13a. The defendant argues that it is not a function of the ZBA "to [ratify] a claim that a property is eligible for § 8-13a
exemption from the regulations." (Defendant's Brief, p. 1.) In any event, the defendant argues that the plaintiffs deck is not protected by § 8-13a because the statute does not apply to the lot coverage provisions of the regulations.
General Statutes § 8-6(3) authorizes the ZBA to grant variances "in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely to a parcel of land where . . . a literal enforcement of such . . . regulations would result in exceptional difficulty or unusual hardship. . . ." General Statutes § 8-6 (3); Simko v. Ervin,234 Conn. 498, 506, 661 A.2d 1018 (1995). Thus, to support a variance, a hardship "must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control. . . . The applicant bears the burden of demonstrating the existence of a hardship." (Citations omitted; internal quotation marks omitted.) Pike v. Zoning Board ofAppeals, 31 Conn. App. 270, 273, 624 A.2d 909 (1993).
When the ZBA denies a variance, the test on appeal is whether any of the reasons given are valid and supported by the record. Id., 273. The court does not substitute its judgment for that of the board "as long as an honest judgment has reasonably and fairly been made after a full hearing." Mobil Oil Corp. v. ZoningBoard of Appeals, 35 Conn. App. 204, 209, 644 A.2d 401 (1994).
If the deck in question has become a nonconforming use as a result of § 8-13a, a variance would not be required. "A CT Page 3088 variance requires proof of hardship imposed by the zoning regulations, as a condition precedent to waiver of the provision in the regulations, but no variance is needed if the addition is legally protected as a valid nonconforming use." Kucej v. ZoningBoard of Appeals, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304647 (April 28, 1994, Fuller, J.). If the deck is not deemed a nonconforming use pursuant to § 8-13a, then the plaintiff must show exceptional difficulty or unusual hardship before a variance is granted. Simko v. Ervin,
supra, 234 Conn. 506.
Section 13-4 of the Westport Zoning Regulations provides: [n]o principal building, structure or use of accessory building or structure shall extend closer than thirty feet from any street line, fifteen feet from any side lot line, or twenty-five feet from any rearlot line." Section 13-6 further provides: "[t]he building coverage shall not exceed fifteen percent of the lot area. Total coverage shall not exceed twenty five percent of the area of the lot. Total coverage shall include fifty percent of the surface area of tennis courts."
General Statutes § 8-13a provides: "[w]hen a building is so situated on a lot that it violates a zoning regulation of a municipality which prescribes the location of such a building in relation to the boundaries of the lot or when a building is situated on a lot that violates a zoning regulation of a municipality which prescribes the minimum area of the lot, and when such building has been so situated for three years without the institution of an action to enforce such regulation, such building shall be deemed a nonconforming building in relation to such boundaries."
The defendant argues that § 8-13a is applicable to two conditions: setbacks and lot size. While the defendant concedes that § 8-13a is applicable to setback provisions, it argues that the statute is not applicable to the lot coverage provisions of the regulations. Thus, it argues that the plaintiff is not exempt from lot coverage requirements.
The plaintiff cites Adamski v. Bristol Zoning Board ofAppeals, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 456996 (Sept. 9, 1994, Goldberg, J.) in support of its proposition that the legislative intent of § 8-13a exempts the deck in question from lot coverage requirements. The issue in Adamski was whether § 8-13a
CT Page 3089 applies to violations of zoning regulations pertaining to height restrictions as well as to setback requirements of a building on a lot and to lot sizes. The court stated, "[i]n considering the purpose of this legislative enactment, the court deems the height requirements to be nothing more than an upper boundary restriction similar to the setback requirement from the boundary lines of a lot." The court found that the building in question was a non-conforming building under § 8-13a.
The General Statutes § 8-13a does not appear to provide an exemption from lot coverage requirements. "In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended. . . . When the language is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . [A] basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, there is no room for construction." (Citations omitted; internal quotation marks omitted.) Oller v.Oller-Chiang, 230 Conn. 828, 848, 646 A.2d 822 (1994). Furthermore, no Connecticut caselaw was found that recognizes the applicability of § 8-13a to lot coverage provisions. Thus, the language of § 8-13a provides an exemption only as to setbacks and lot size provisions.
Therefore, since the plaintiff's deck did not acquire the status of a nonconforming use pursuant to General Statutes §8-13a, the plaintiff is required to show exceptional difficulty or unusual hardship in order to obtain a variance.
The record shows that the hardship claimed by the plaintiff is that "the deck dates back to the 1960's, it cannot go anywhere else due to the driveway and septic locations." (ROR, Item 7). Even if the court determined that this constituted an unusual hardship, the hardship was self created. "Where a hardship is self-created, the zoning board of appeals cannot properly grant a variance." Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39,438 A.2d 1186 (1982). "This would include a zoning violation created by a predecessor in title to the plaintiffs." Belknap v.Zoning Board of Appeals, 155 Conn. 380, 384, 232 A.2d 922
(1967).
The ZBA did not act arbitrarily or capriciously in rendering its decision. There is no evidence in the record to support a CT Page 3090 claim of unusual hardship that justifies the existence of the deck in violation of setback and lot coverage requirements. In any event, even if the court were to find hardship, the hardship was self-created by the plaintiff's predecessor in title who built the deck in violation of the local zoning regulations. Thus, the ZBA properly denied the plaintiff's variance application because the hardship was self created.
For the foregoing reasons, the plaintiff's appeal is dismissed.
RYAN, J.