[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 11, 1997
On August 8, 1994, the plaintiff, Gail St. Germaine ("Germaine"), filed this action against the following defendants: the Ensign-Bickford Company ("Ensign"), Germaine's employer; and Dave Mills ("Mills"), Germaine's supervisor. In a six-count complaint, Germaine alleges the following facts.
During Germaine's employment. Mills made unwanted, continuous and repeated sexual advances upon her in violation of General Statutes § 46a-60 (8).[1]
To avoid contact with Mills, Germaine transferred to a lower paying position in a different building. Despite the transfer, Mills continued to sexually harass Germaine and Ensign failed to remedy the situation. As a result, Germaine subsequently resigned from her employment at Ensign in a final attempt to remove herself from Mills.
In the complaint, Germaine alleges various statutory CT Page 3054 and common-law claims arising from her employment at Ensign. Specifically, Germaine sets forth the following causes of action in her complaint: counts one through four allege sexual harassment, assault and battery, intentional infliction of emotional distress and false imprisonment, respectively, as against Mills; counts five and six allege sexual harassment and negligence, respectively, as against Ensign. In her prayer for relief, Germaine seeks reinstatement, money damages, punitive damages, and any other relief the court deems appropriate.
On August 5, 1994, Mills filed a motion to dismiss the plaintiff's complaint with an accompanying memorandum of law on the ground that the court lacked subject matter jurisdiction. Mills claimed that because count one of the plaintiff's complaint alleges a violation of General Statutes § 46a-60, the plaintiff was required to pursue the appropriate administrative remedies contained in General Statutes § 46a-51 et seq. before proceeding to the Superior Court. Specifically, Mills maintained that the plaintiff should have filed a claim with the Commission on Human Rights and Opportunities ("CHRO") as required by General Statutes § 46a-82[2]
and obtained a release to sue letter from the CHRO as required by General Statutes §§ 46a-100[3] through46a-101.[4] Furthermore, Mills argued that if the court dismisses count one then the remaining counts asserted against him, namely counts two through four, should also be dismissed because the remaining counts are based on the allegations contained in count one.
Germaine filed an objection to the motion to dismiss on August 25, 1994. In that objection, Germaine admitted that she never filed a complaint with the CHRO nor obtained a release to sue letter. Germaine maintained, however, that her claims are not encompassed within the jurisdiction of the CHRO because the administrative remedies offered by the CHRO are inadequate. Specifically, the CHRO is not statutorily allowed to award the punitive damages and damages for emotional distress sought by Germaine. Lastly, Germaine argued that counts two through four are separate and distinct from count one and therefore do CT Page 3055 not require dismissal if count one is dismissed.
On December 23, 1994, the court, Wagner, J., denied Mills' motion to dismiss finding: "The remedies within the purview of CHRO as set forth in General Statutes § 46a-86 are limited to cease and desist orders hiring or reinstatement of employees, with or without back pay and restoration to membership in any respondent labor organization. A claim filed with CHRO seeking relief cannot include a claim for money damages of the nature sought in the present action, which includes claims for punitive damages and reinstatement. We conclude that this court has jurisdiction over this action because the relief requested is beyond the power of CHRO to grant, and therefore it falls within the recognized exceptions referred to in Sullivan v.Board of Commissioners, supra [196 Conn, 208, 216-17,491 A.2d 1096 (1985)] and did not require prior exhaustion of administrative remedies." (Memorandum of Decision on Defendant's Motion to Dismiss, p. 6.) With respect to counts two, three, and four, the court determined that these counts are separate from count one. "[W]hile some of the allegations in Count one also form the basis of the other counts against defendant Mills, nothing prevents the plaintiff from pleading alternative theories of liability constituting separate and distinct causes of action." (Memorandum of Decision on Defendant's Motion to Dismiss, pp. 6-7.)
On January 4, 1995, Mills filed a motion to reargue based on two cases argued before the Supreme Court challenging the CHRO's ability to provide compensatory and punitive damages.[5] On January 13, 1995, the court, Wagner, J., denied the motion "without prejudice to Defendant Mills filling a new motion to dismiss should cases pending before CT. Supreme Court result in decisions justifying such motion." (Judicial Information Systems Counsel/Pro Se Notification Sheet, dated January 13, 1995.)
Thereafter, Mills filed the present motion to dismiss dated March 25, 1997, with an accompanying memorandum of law dated March 21, 1997, seeking dismissal of the plaintiff's complaint for lack of subject matter jurisdiction based on the case Hunt v. Prior, CT Page 3056236 Conn. 421, 673 A.2d 514 (1996). On April 10, 1997, the plaintiff filed a memorandum of law in opposition. Mills filed a reply memorandum dated April 21, 1997.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991), "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case . ." (Internal quotation marks omitted.) Cannatav. Department of Environmental Protection,239 Conn. 124, 134 n. 17, 680 A.2d 1329 (1996).
Count One
In their motion, the defendants assert, with respect to count one alleging sexual harassment in violation of General Statutes § 46a-60 (8), that Germaine failed to exhaust her administrative remedies at the CHRO, thus depriving this court of subject matter jurisdiction. In support of their position, the defendants rely on Hunt v. Prior, supra, 236 Conn. 421.
Germaine counters that her claims are not encompassed within the CHRO's jurisdiction because the CHRO is not statutorily allowed to award punitive damages and damages for emotional distress. As a result, Germaine maintains that the administrative remedies provided by the CHRO are inadequate and exhaustion is not required. Germaine also contends that Hunt v. Prior, supra, 236 Conn. 421, is not on point and does not require dismissal of count one.
Failure to exhaust administrative remedies is a proper ground for a motion to dismiss. See Gemmell v.New Haven, 32 Conn. App. 280, 283, 630 A.2d 1331
CT Page 3057 (1993). "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v. Ervin,234 Conn. 498, 503, 661 A.2d 1018 (1995). "The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment." (Internal quotation marks omitted.) Id., 504. "It also relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Internal quotation marks omitted.) Id. "[F]requent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." (Internal quotation marks omitted.)Cannata v. Dept. of Environmental Protection, supra,215 Conn. 625.
There are limited exceptions to the exhaustion requirement.O G. Industries, Inc. v. Planning Zoning Commission,232 Conn. 419, 426, 655 A.2d 1121 (1995). One such exception is where the available relief is inadequate or futile. Id. "An administrative remedy is adequate when it could provide the plaintiff with the relief that it seeks and provide a mechanism for judicial review of the administrative decision." Id.
Sections 46a-100 and 46a-101 of the General Statutes set forth the administrative route a plaintiff must follow when alleging a discrimination claim under General Statutes § 46a-60. General Statutes § 46a-100
provides: "Any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82, alleging a violation of section 46a-60 and who has obtained a release from the commission in accordance with section 46a-101, may also bring an action in the superior court . . ." General Statutes § 46a-100. "No action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission . . ." General Statute § 46a-101 (a). "It is the CT Page 3058 CHRO that is charged by the act with initial responsibility for the investigation and adjudication of claims of employment discrimination." Sullivan v. Board ofPolice Commissioners, supra, 196 Conn. 216. The plaintiff, who "fail[s] to follow the administrative route that the legislature has prescribed for his claim of discrimination, lacks the statutory authority to pursue that claim in the Superior Court." Id.
The CHRO does not have the authority to award attorneys fees, punitive damages or compensatory damages, including damages for emotional distress, for violation of General Statutes § 46a-60. See BridgeportHospital v. Commission on Human Rights and Opportunities,232 Conn. 91, 101, 653 A.2d 782 (1995): General Statutes §46a-86 (b). There is a split of authority as to whether the plaintiff must first file a claim with the CHRO in instances where the relief sought by the plaintiff cannot be provided by the CHRO.
Some trial courts have held that where the plaintiff seeks relief that the CHRO is unable to provide, such as punitive damages or damages for emotional distress, then the plaintiff need not exhaust the available administrative remedies. See Griswold v. BlackburnJanitorial, L.L.C., Superior Court, judicial district of New London at New London, Docket No. 534256 (August 22, 1996) (Hurley, J.); Dinegar v. University ofNew Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 378256 (November 30, 1995) (Fracasse, J.); Devoid v. Mirror Polishing Plating Co., Superior Court, judicial district of Litchfield, Docket No. 067949 (November 27, 1995) (Pickett, J.); Cross v. Nearine, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 538675 (February 17, 1995) (Wagner, J.); Stevensv. E.R. Champion Sons, Inc., Superior Court, judicial district of New London at New London, Docket No. 527449 (May 26, 1994) (Hurley, J.); Richter v. Hoffman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 083842 (June 11, 1991) (Lewis, J.) (4 CONN. L. RPTR. 620, 6 CSCR 641).
Other trial courts, however, have determined that the plaintiff must still proceed first with the CHRO CT Page 3059 before instituting a cause of action with Superior Court even though the CHRO does not have the authority to award the requested relief. See Rene v. TheInstitute, Inc., Superior Court, judicial district of Danbury, Docket No. 325074 (December 3, 1996) (Moraghan, J.) (18 CONN. L. RPTR. 316) Block v. Connecticut Distributors, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327673 (May 3, 1996) (Levin, J.) (16 CONN. L. RPTR. 634); Webb v. EthanAllen, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147289 (February 23, 1996) (Karazin, J.);Charbonneau v. United Grinding, Inc., Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 468279 (November 20, 1995) (Arena. J.); Doe v. Ambrogio, Superior Court, judicial district of New Haven at New Haven, Docket No. 375339 (November 14, 1995) (Thompson. J.) (15 CONN. L. RPTR. 440).
Judge Wagner's decision is in line with those cases holding that exhaustion of administrative remedies is not required when the CHRO is incapable of awarding the requested relief. Mills now requests this court to dismiss the plaintiff's complaint for lack of subject matter jurisdiction based on the case of Hunt v. Prior,236 Conn. 421, 673 A.2d 514 (1996).
The relevant facts of Hunt v. Prior, supra,236 Conn. 421, are as follows. The defendant, the board of police commissioners for the borough of Naugatuck ("board"), initiated an investigation of the plaintiff, Thomas Hunt, an administrative captain of the Naugatuck police department, for alleged violations of certain departmental rules and regulations. Id., 423. On March 18, 1987, the board voted to file formal charges against the plaintiff and to suspend the plaintiff with pay, pending resolution of the charges. Id., 424-25. Hearings were held by the board on March 7, 1989. In August 1989, the board dismissed all remaining charges and reinstated the plaintiff to active duty as administrative captain. Id., 425.
On June 16, 1988, the plaintiff initiated this action in the Superior Court for wrongful suspension, whereby, the plaintiff sought permanent reinstatement to active duty as administrative captain, compensatory and punitive damages, attorneys fees and costs. Hunt v. Prior,supra, 236 Conn. 426-27. The plaintiff set forth the following CT Page 3060 causes of action: suspension without cause in violation of his collective bargaining agreement (count one); "willful, wanton, capricious and illegal" breach of the collective bargaining agreement by the board for entertaining charges against the plaintiff that were predicated upon an unsworn citizen's complaint in violation of the collective bargaining agreement (count two); and violations of 42 U.S.C. § 1983 (counts three, four and five). Id., 426-27.
After the jury found in favor of the plaintiff, the trial court granted the board's motion to set aside the verdict with respect to all counts. Hunt v. Prior, supra,236 Conn. 427. As to counts one and two, the trial court found that it lacked subject matter jurisdiction because the plaintiff failed to exhaust his administrative remedies under his collective bargaining agreement.Id., 427-28. The plaintiff maintained that the trial court erred in dismissing counts one and two because the administrative remedies the board was capable of providing were inadequate in light of the relief the plaintiff sought. Id., 429.
The Supreme Court upheld the trial court's dismissal.Hunt v. Prior, supra, 236 Conn. 429. The Supreme Court agreed with the plaintiff that the collective bargaining agreement did not, by its terms, allow for an award of punitive damages, attorneys fees or costs, relief to which the plaintiff might have been entitled upon proof of tortious breach of contract. Id., 434. The court explained further, "[n]evertheless, we are not persuaded that the plaintiff's administrative remedies were inadequate. Had the plaintiff availed himself of his grievance rights under the collective bargaining agreement, he would have received immediate consideration and review of the very issue of wrongful suspension that the plaintiff raises in this action . . . Indeed, the charges underlying the plaintiff's claim of tortious breach of contract were withdrawn by the board prior to the commencement of the hearings before it . . . In such circumstances, the administrative remedies available to him cannot fairly be described as deficient." (Brackets omitted; citations omitted: emphasis added; internal quotation marks omitted.) Id. CT Page 3061
In this court's opinion Hunt v. Prior, supra,236 Conn. 421, does not require the court to dismiss count one of the plaintiff's complaint.
The holding in Hunt is fact driven.[6] The Hunt Court found that the plaintiff's remedies were adequate for following reasons. First, the plaintiff was seeking to recover punitive damages, attorneys fees and costs under his claim for tortious breach of contract by the board for entertaining charges against him that were predicated upon an unsworn citizen's complaint in violation of the collective bargaining agreement. Huntv. Prior, supra, 236 Conn. 433. The unsworn charges, however, were withdrawn by the board prior to the commencement of the board's hearings. Id., 434. The plaintiff also sought permanent reinstatement to active duty as administrative captain. The Hunt Court stated that "[h]ad the plaintiff availed himself of his grievance rights under the collective bargaining agreement he would have received immediate review of the very issue of wrongful suspension that the plaintiff raises in this action." In fact, the board cleared the plaintiff of all charges and reinstated him to active duty. Id., 433. Third, the court appears to have qualified its holding by explaining that the plaintiff's remedies were not deficient "in such circumstances." Id. 434. Based on the foregoing, the administrative remedies available to the plaintiff could not be described as deficient because the essence of the plaintiff's claims involved matters within the authority vested in the board.
In reaching its holding, the Hunt Court relied on the policy of favoring exhaustion of administrative remedies in general as well as the policy of requiring exhaustion of grievance proceedings under collective bargaining agreements. The Supreme Court found if an employee was not required to exhaust its "administrative remedies" then "an employee covered by a collective bargaining agreement [would be able] to circumvent the contract's grievance mechanism simply by seeking relief outside the scope of that agreement. Such a result would undermine the state's policy favoring recourse to contract grievance procedures as a means of dispute resolution . . . and would defeat the express CT Page 3062 intent of the parties to the collective bargaining agreement that the grievance mechanism be utilized to settle such claim and disputes as expeditiously as possible . . . We conclude, therefore, that because the grievance mechanism of the collective bargaining agreement provided the plaintiff with a full, fair and immediate opportunity to challenge the defendant's actions, his claim of an inadequate administrative remedy
must fail." (Citations omitted; emphasis added.) Hunt v. Prior,supra, 236 Conn. 435-36. This language, especially, the last sentence suggests that the court used the terms "administrative remedies" and "grievance mechanism" interchangeably. Accordingly, it is unclear whether the court intended its holding to control all administrative remedy proceedings or only grievance proceedings under a collective bargaining agreement.
Moreover, the Hunt decision did not recognize the split in authority existing at the Superior Court level as to whether a plaintiff must exhaust administrative remedies at the CHRO where the available administrative remedies are inadequate. The court specifically limited its inquiry in Hunt, stating: "The sole issue presented by this appeal is whether the trial court properly granted the motion of the defendants . . . to set aside a jury verdict in favor of the plaintiff . . ." Huntv. Prior, supra, 236 Conn. 422. Thus, it appears that the Supreme Court may not have intended Hunt v.Prior, supra, to resolve the conflict existing at the Superior Court level. To date, the trial courts remain divided as to whether a plaintiff must exhaust his/her administrative remedies at the CHRO. See, e.g., Griswoldv. Blackburn Janitorial L.L.C., supra, Superior Court, Docket No. 534256 (exhaustion not required);Rene v. The Institute Inc., supra, Superior Court, Docket No. 325074, 18 CONN. L. RPTR. 316 (exhaustion required); Block v. Connecticut Distributors, supra, Superior Court, Docket No. 327673 (exhaustion required).Cantervero v. Horizon Meat Seafood, Stamford No. CV960152918S (exhaustion not required).
Furthermore, the Hunt holding has thus far only been applied where a plaintiff has failed to exhaust his/her administrative remedies under a collective bargaining agreement. See, e.g., Martinez-Duffy v.Dejesus, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 054193 (May 1, 1996) CT Page 3063 (Wagner, J.) (17 CONN. L. RPTR. 64). To date, no trial court has extended the holding of Hunt v. Prior, supra,236 Conn. 421, to the CHRO context. The motion to dismiss count one is denied.
Counts two, three and four
Mills also moves to dismiss counts two, three, and four, which allege assault and battery, intentional infliction of emotional distress, and false imprisonment, respectively. Mills maintains that these counts are based entirely on the plaintiff's allegations of sexual harassment in violation of General Statutes § 46a-60 (8). Mills argues that the plaintiff incorporated the allegations of her harassment claim, set forth in count one, into counts two, three and four thereby subjecting those counts to the filing requirement of General Statutes § 46a-100 and the release to sue procedure of General Statutes § 46a-101. Germaine argues that she has alleged common law causes of action beyond the statutory violations encompassed within the CHRO's jurisdiction.
"There is no indication in the [Connecticut Fair Employment Practices Act (CFEPA)] . . . that the legislature intended to preempt the field of employment discrimination by requiring aggrieved persons to pursue only the statutorily prescribed remedies contained in Sec. 46a-51 et seq." Shyrer v. Assoc. Pulmonologistsof West. Conn., Superior Court, judicial district of Danbury, Docket No. 319434, 16 CONN. L. RPTR. 539
(April 15, 1996) (Moraghan, J.). "There is nothing in the [C]FEPA statutes indicating that the administrative remedy provided therein preempts common-law actions and recovery of damages for tort claims arising out of the conduct which also gives rise to the complaints under the [C]FEPA." Paradise v. Times Fiber Communications,Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 238479 (June 27, 1986) (Hadden, J.) (1 C.S.C.R. 444); Chelstowski v. New Horizon Manufacturing,Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 248096 (August 18, 1987) (Schaller, J.) (2 C.S.C.R. 962). "[T]here are many cases in which parties have brought common law claims in addition to claims under Sec.46a-60." Shyrer v. Assoc. Pulmonologists of West, Conn., supra. CT Page 3064
Counts two, three and four, which allege assault and battery, intentional infliction of emotional distress, and false imprisonment, respectively, sound in tort and common law. These claims are not brought pursuant General Statutes § 46a-60, which governs sexual harassment causes of action. Because the Superior Court is a court of general jurisdiction, it has subject matter jurisdiction over claims sounding in tort and common law. See Second Injury Fund v.Lupachino, 45 Conn. App. 324, 344 (1997); Rene v. TheInstitute, Inc., supra, Superior Court, Docket No. 325074. Accordingly, Mills' motion to dismiss counts two through four is denied.
HALE, J.