[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Jennifer Grady, filed a two count complaint against the defendant, Patrick Guerin. The complaint sounds in a violation of the "public policy" embodied in General Statutes §46a-60 (a)(7) and Title VII of the Civil Rights Act of 1964,42 U.S.C. § 2000e(k).[1] The second count alleges a violation of the "duty of good faith and fair dealing."
The plaintiff alleges in the complaint that she was employed by the defendant to provide day care services in the defendant's home between November of 1996 and February 4, 1997. The plaintiff further alleges that on February 3, 1997, she informed the defendant that she was pregnant and that the defendant terminated her employment on February 4, 1997. The plaintiff states in her complaint that her pregnancy "was a substantive factor which led the defendant to terminate [her] employment."
The plaintiff has filed a complaint against the defendant with the Commission on Human Rights and Opportunities (CHRO). See General Statutes § 46a-82 et seq. The CHRO complaint is still pending.
The defendant has filed a motion (# 102) to dismiss based on a lack of subject matter jurisdiction. The defendant claims that this court lacks jurisdiction over the subject matter for the following reasons: "(1) the [p]laintiff has failed to exhaust the administrative remedies available to her under the Fair Employment Practices Act and Title VII of the Civil Rights Act of 1964; (2) Connecticut does not recognize a cause of action based on a claim of unlawful termination in violation of public policy where an adequate statutory remedy exists; and (3) [b]oth the public policy of . . . Connecticut and the federal government . . . expressly makes exceptions for employers with CT Page 11417 less than [a certain number of employees.]"
Practice Book § 143 (1) states that a court's "lack of jurisdiction over the subject matter" is a proper ground for a motion to dismiss. "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Figuerora v. C S Ball Bearing,237 Conn. 1, 4, 675 A.2d 845 (1996).
A motion to strike, however, not a motion to dismiss, is the proper procedural vehicle to use in order "to test whether Connecticut is ready to recognize some newly emerging ground of liability." Estate of Aldo v. Guardiani, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052203 (March 16, 1996, Skolnick, J.) (16 Conn. L. Rptr. 466, 467).
The defendant's second reason for the motion to dismiss addresses the question whether Connecticut recognizes the cause of action pleaded by the plaintiff. Since this issue is not a proper ground for a motion to dismiss, the court will not address this reason when deciding this motion.
The third reason stated by the defendant is also improper in a motion to dismiss. "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181
(1993). Here, the third reason stated by the defendant is an argument that the facts pleaded by the plaintiff do not amount to a cause of action. This is an issue very different from the question whether a court has jurisdiction over the subject matter of the case. The court, therefore, will not consider the third reason stated by the defendant in the motion to dismiss.
A plaintiff's failure to exhaust the administrative remedies available to her is a valid ground for a motion to dismiss. SeeSimko v. Ervin, 234 Conn. 498, 503, 661 A.2d 1018 (1995)("It is a settled principle of administrative law that, if an adequate remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.)). Therefore, the court will decide the merits of the motion on the basis of this reason alone.
The defendant argues that the court is without jurisdiction over the subject matter of this case because the plaintiff has CT Page 11418 failed to obtain a release to sue from the CHRO as generally is required by General Statutes § 46a-100 with the [CHRO] in accordance with [General Statutes §] 46a-82, alleging a violation of [General Statutes §] 46a-60 and who has obtained a release from the commission in accordance with [General Statutes §] 46a-101, may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred. . . ."
General Statutes § 46a-101 (a) states: "No action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission in accordance with the provisions of this section." See Angelsea Productions, Inc. v.CHRO, 236 Conn. 681, 697, 674 A.2d 1300 (1996).
The language of both of these statutes is clear and unambiguous. On its face, the statute imposes a condition precedent to bringing an action in Superior Court. The condition is imposed on any person who has previously filed a complaint with the CHRO. The condition to bringing an action in Superior Court is that a release to sue be obtained from the CHRO.
"Some trial courts[, however,] have held that where the plaintiff seeks relief that the CHRO is unable to provide . . . then the plaintiff need not exhaust the available administrative remedies. . . . Other trial courts, however, have determined that the plaintiff must still proceed first with the CHRO before instituting a cause of action with Superior Court even though the CHRO does not have the authority to award the requested relief."St. Germaine v. Ensign-Bickford Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 539310 (July 11, 1997, Hale, J.) (20 Conn. L. Rptr. 232).
In Richter v. Hoffman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 083842 (Jun. 11, 1991, Lewis, J.), this court aligned itself with those courts holding that "[f]ailure to follow the administrative route that the legislature has prescribed for a claim of discrimination . . . will ordinarily prohibit a plaintiff from pursuing a separate civil action in the Superior Court. . . . However, resort to administrative remedies is not required when the administrative remedy is plainly inadequate. . . ." (Citations omitted; internal quotation marks omitted.) Id.
This position is supported by dicta found in Sullivan v.
CT Page 11419Board of Police Commissioners, 196 Conn. 208, 216-17,491 A.2d 1096 (1985). The Sullivan court stated: "[I]n exceptional circumstances a claimant may bypass administrative remedies in favor of direct judicial action. . . . Resort to administrative remedies is not required when the administrative remedy is plainly inadequate."
"Invocation of administrative remedies may also be excused when the issue presented for adjudication is beyond the competency of the agency to determine." Sullivan v. Board ofPolice Commissioners, supra, 196 Conn. 217.
In the present case, while the issue presented to the CHRO is within the agency's competency to determine, the plaintiff seeks a remedy that is not within the agency's competency to provide. Specifically, the plaintiff seeks compensatory and punitive damages. The CHRO does not have jurisdiction to award those remedies. See Bridgeport Hospital v. CHRO, 232 Conn. 91, 113,653 A.2d 782 (1995).
There is no logical reason to require that the plaintiff wait for the CHRO to inform her of the obvious before bringing her action to the Superior Court. Therefore, this court holds that a plaintiff need not obtain a release to sue before pursuing an action in the Superior Court, so long as the remedy sought is beyond the province of the CHRO. Accordingly, the motion to dismiss is denied.
So Ordered.
Dated at Stamford, Connecticut, this 25th day of November, 1997.
William B. Lewis, Judge