[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#101)
On March 24, 1999, the plaintiffs, Thomas H. Rowley and C. Louise Rowley, filed a complaint in this court against the defendant, J.E. Ackley, L.L.C. The complaint contains six counts: (1) violation of the Connecticut Unfair Trade Practices Act (CUTPA); (2) discriminatory housing practices in violation of General Statutes § 46a-64c; (3) intentional infliction of emotional distress as to plaintiff Thomas C. Rowley; (4) negligent infliction of emotional distress as to plaintiff Thomas C. Rowley; (5) intentional infliction of emotional distress as to plaintiff C. Louise Rowley; (6) negligent infliction of emotional distress as to plaintiff C. Louise Rowley. CT Page 10200
According to the complaint, the defendant is the owner of a mobile home park in which the plaintiffs were joint owners of a mobile home and paid rent to the defendant. The alleged acts of the defendant giving rise to the plaintiffs' complaint occurred on or about August 26, 1997. On or about that date, the plaintiffs allegedly received an offer from Merton W. Cirrito (not a party to this action) for the purchase of their mobile home. Allegedly due to Mr. Cirrito's familial status, i.e., number of children, the defendant refused to approve or authorize the plaintiffs' sale of their mobile home. As a result, the plaintiffs were allegedly unable to sell their mobile home until July, 1998, and forced to accept a lower price.
On April 23, 1999, the defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction on the grounds that: (i) the plaintiffs filed the complaint outside the statute of limitations authorizing an action for discriminatory housing practices, General Statutes § 46a-98a; "and (ii) the plaintiffs failed to exhaust their administrative remedies with the Commission on Human Rights and Opportunities pursuant to General Statutes § 46a-83.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995). "Where . . . a specific [time] limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter. [I]t is considered substantive or jurisdictional, and not subject to waiver." Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 446,551 A.2d 1220 (1988). "Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) Drumm v. Brown, 245 Conn. 657,676, 716 A.2d 50 (1998). "It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v.Branford, 247 Conn. 407, 410, 722 A.2d 271 (1999). CT Page 10201
The defendant's first ground for dismissal is that the complaint was not filed before the time period expired under the statute that creates the plaintiffs' right of action for discriminatory housing practices. The plaintiffs counter by arguing: (1) that their complaint alleges additional causes of action which are not governed by the discriminatory housing practices statute; and (2) that General Statutes § 46a-83 (d) authorizes the plaintiffs' action.
"Private causes of action under our antidiscrimination statutes are provided in only relatively limited circumstances such as General Statutes . . . § 46a-98a (housing discrimination or breach of conciliation agreement)." Flanagan v.State C.H.R.O., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 563942 (January 30, 1997, Allen, J.T.R.). Section 46a-98a provides: "Any person claiming to be aggrieved by a violation of section 46a-64c[1] . . . or by a breach of a conciliation agreement entered into pursuant to this chapter, may bring an action in the superior court, or the housing session of said court if appropriate within one year of the date of the alleged discriminatory practice or of a breach of a conciliation agreement entered into pursuant to this chapter. . . . The court shall have the power to grant relief, by injunction or otherwise as it deems just and suitable." General Statutes § 46a-98a.
It is clear, therefore, that to bring a private civil action to enforce discriminatory housing practice violations of General Statutes § 46a-64c, a plaintiff must commence its action within one year of the alleged discriminatory act. In the present case, the plaintiffs filed their complaint in this court in March, 1999, concerning discriminatory housing practices which allegedly occurred during August, 1997. Because their complaint was not filed within the one-year imitation as provided in §46a-98a, the plaintiffs' count which alleges discriminatory housing violations (Count 2) must be dismissed.
The plaintiffs also argue that § 46a-83 (d) allows them to elect a civil action after the Commission on Human Rights and Opportunities ("CHRO") finds reasonable cause. The plaintiffs' reliance on § 46a-83 (d) is misplaced for two reasons. First, the plaintiffs never allege that they ever instituted a complaint with the CHRO, or that the CHRO in fact found reasonable cause. Second, the plaintiffs' interpretation of § 46a-83 (d) is flawed and incomplete. CT Page 10202
Section 46a-83 (d) provides in pertinent part: "If the investigator makes a determination that there is reasonable cause to believe that a violation of section 46a-64c has occurred, the complainant and the respondent shall have twenty days from receipt of notice of the reasonable cause finding to elect a civil action in lieu of an administrative hearing pursuant to section 46a-84. If either the complainant or the respondent requests a civil action, the commission, through the attorneygeneral or the commission counsel, shall commence an action
pursuant to subsection (b) of section 46a-89 within forty-five days of receipt of the complainant's or the respondent's notice of election of a civil action." (Emphasis added.) General Statutes § 46a-83 (d). The plain language of this section makes it clear that while the plaintiffs could have elected a civil action, only the commission counsel or attorney general may commence said action. That was not the case here.
Accordingly, the defendant's motion to dismiss is granted with respect to the second count of the complaint.
The defendant also moves to dismiss the remaining counts (Counts 1, 3, 4, 5, 6), because the "gravamen" of these counts are essentially based on the plaintiffs' allegations of discriminatory housing practices and, therefore, are subject to the one-year time limitation in § 46a-98a. This argument is without merit.
Those counts, sounding in CUTPA and infliction of emotional distress, are causes of action independent of the statutory right of action to enforce discriminatory housing practice violations of General Statutes § 46a-64c. Cf. St. Germaine v.Ensign-Bickford, Superior Court, judicial district of Hartford, Docket No. 539310 (July 11, 1997, Hale, J.) (20 Conn. L. Rptr. 232) (tort and common law counts are not brought pursuant to §46a-60, which governs sexual harassment, thus not time-barred);Barton v. Connex International, Inc., Superior Court, judicial district of Danbury, Docket No. 325146 (April 23, 1997, Stodolink, J.) (19 Conn. L. Rptr. 360) (same); Rappoport v. LifeGalley, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324861 (January 27, 1997, Melville, J.) (same). Because the Superior Court is a court of general jurisdiction, it has subject matter jurisdiction over the plaintiffs' CUTPA and infliction of emotional distress claims. As such, the one-year limitation set forth in § 46a-98a does not CT Page 10203 act as a jurisdictional bar to counts 1, 3, 4, 5 and 6.
The defendant's second ground for dismissal is that the plaintiffs have not fully exhausted their administrative remedies. Because the plaintiffs' CUTPA and emotional distress claims seek relief not available through the CHRO, the court finds that the plaintiffs were not required to exhaust administrative remedies.
"Resort to administrative remedies is not required when the administrative remedy is plainly inadequate." Sullivan v. Boardof Police Commissioners, 196 Conn. 208, 217, 491 A.2d 1096 (1985).
"[W]here a plaintiff seeks relief beyond the power of the CHRO to grant, the court is not deprived of jurisdiction solely on the basis that administrative remedies were not initiated and exhausted before the agency." (Internal quotation marks omitted.)Griswold v. Blackburn Janitorial, LLC, Superior Court, judicial district of New London at New London, Docket No. 534256 (August 22, 1996, Hurley, J.); see also Duerr v. Groton Municipal Emp.Fed. Credit Union, Superior Court, judicial district of New London at New London, Docket No. 538846 (October 6, 1998, Hurley, J.T.R.).
In the present case, the plaintiffs seek money damages, punitive damages, attorney's fees and costs under CUTPA and the common law. Clearly, such relief is not available through the CHRO. Therefore, the plaintiffs are permitted to petition this court prior to exhausting administrative remedies at the CHRO.
Accordingly, the defendant's motion to dismiss is granted as to count two, but is denied as to all other counts.
D. Micheal Hurley Judge Trial Referee