[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Carlene J. Gatting and Fred Condon, appeal from the decision of the defendant, the Ridgefield Zoning Board of Appeals (the board), which granted the variance application of Heritage Homes Construction Company, LLC (Heritage).
By application dated September 8, 1999, Heritage applied to the board for a variance of § 402.0C (2) of the Ridgefield zoning regulations. (Return of Record [ROR], Exhibit C.) Section 402.0C (2) requires a lot situated in a RAA zone to have at least 200 feet of frontage on either a public or private road or recorded right-of-way, way, or be served by an accessway. Heritage, the contract purchaser of the subject parcel located at 47 Peaceable Street in Ridgefield, requested the variance because the parcel is situated in a RAA zone and does not have adequate frontage on Peaceable Street, a public road. (ROR, Exhibit C.)
On September 27, 1999, the board conducted a public hearing on Heritage's application. (ROR, Exhibits J and K.) The hearing was continued to October 4, 1999, the board's next regularly scheduled meeting. (ROR, Exhibits O and P.) On October 18, 1999, the board voted unanimously to grant the application for the variance. (ROR, Exhibit DD.) Notice of the board's decision was published in the Ridgefield Press on October 21, 1999. (ROR, Exhibit HH.) The plaintiffs now appeal from the board's approval of the variance application.
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the Superior Court. "[A] statutory right to appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . [Such] provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.) Simko v. Zoning Board of Appeals,
CT Page 2732206 Conn. 374, 377, 538 A.2d 202 (1988).
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). General Statutes § 8-8 (a) provides that an aggrieved person "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
The plaintiffs allege that they are owners of real properties that abut, or are within one hundred feet of, a portion of the subject property and that they are aggrieved by the decision of the board. (Complaint, ¶ 3.) Based on evidence submitted by the plaintiffs at the trial of this administrative appeal, the court found the plaintiffs to be aggrieved. Therefore, the plaintiffs have properly pleaded and proven aggrievement.
An appeal from a decision of a zoning board "shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date the notice of the decision was published. . . ." General Statutes § 8-8 (b). The chairperson of the board and the clerk of the municipality shall be included in such service. General Statutes § 8-8 (e).
Notice of the board's decision was published on October 21, 1999, in the Ridgefield Press. (Complaint, ¶ 2; ROR, Exhibit HH.) On November 5, 1999, this appeal was commenced by service of process on the town clerk of Ridgefield and on the chairman of the Ridgefield Zoning Board of Appeals. (Sheriff's Return.) Accordingly, the appeal was commenced in a timely manner and served upon the appropriate parties.
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established." Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 205, 658 A.2d 559 (1995). The trial court must determine whether the board's action was "arbitrary, illegal or an abuse of discretion." Id., 205-06.
"Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." (Internal quotation marks omitted.) Id., 206. "A local board . . . is in the CT Page 2733 most advantageous position to interpret its own regulations and apply them to the situations before it." New London v. ZoningBoard of Appeals, 29 Conn. App. 402, 405, 615 A.2d 1054, cert. denied, 224 Conn. 922, 618 A.2d 528 (1992).
"Variances are, in a sense, the antithesis of zoning." (Internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498, 505, 661 A.2d 1018
(1995). "A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . Thus, the power to grant a variance should be sparingly exercised. . . ." (Internal quotation marks omitted.) Reid v. Zoning Board of Appeals, 235 Conn. 850, 857,670 A.2d 1271 (1996).
"Our law governing variances is well settled. Section 8-6 (a)(3) provides in relevant part that a zoning board of appeals may "determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result inexceptional difficulty or unusual hardship. . . .'" (Emphasis in original.) Reid v. Zoning Board of Appeals, supra, 235 Conn. 856-57, quoting General Statutes § 8-6 (a)(3).
General Statutes § 8-6 is interpreted as authorizing "a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra,233 Conn. 207.
A zoning board of appeals "is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.)Francini v. Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519
CT Page 2734 (1994).
The board voted unanimously to grant Heritage's application for the variance for the following reasons: "1. . . . The need to clarify the regulations to state affirmatively that frontage may be on a private road owned by the lot owner, even if the road is part of the lot, presents an unusual hardship that justifies the grant of a variance in this case. 2. Hardship is also found in the fact that this "private road' predates zoning, and predates the classification of some roadways as accessways. 3. The public health, safety and welfare would not be served by making an additional curb cut onto Peaceable Street. The proposal is in general harmony with the general scheme of development in the area, and has no negative impact on adjoining properties."[1] (ROR, Exhibit DD.)
The plaintiff's appeal on the ground that the board's decision is illegal, arbitrary and in abuse of its discretion because "(a) it approved the variance without all information required by the Zoning Regulations, particularly as to public health, safety, convenience and property values; (b) it approved the variance without a showing of hardship; (c) any purported hardship on which the application was based was not unusual or owing to conditions especially affecting the subject parcel to the exclusion of other parcels in the vicinity; and (d) the Board in effect granted, without any public notice, a variance to a zoning regulation prohibiting more than 4 homes to be served by one accessway." (Complaint, ¶ 4.)
The board concluded in its decision session that Heritage did not need a variance because the proposed use of the subject property was permitted under the zoning regulations, nevertheless, it granted the variance in order to clarify the regulations. (ROR, Exhibit DD; ROR, Exhibit GG, pp. 96-97.) The board reasoned that the variance was necessary to construe that a private road satisfies the requirements of § 402.0C (2) of the Ridgefield zoning regulations and to state affirmatively that frontage may be on a private road owned by the lot owner, even if the road is part of the lot. (ROR, Exhibit DD; ROR, Exhibit GG, pp. 96-97.)
"It is elemental that a variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . . It follows that, if the use for which a variance is sought is permitted by the regulations, the variance cannot be granted." (Citations omitted; internal quotation marks omitted.) Grillo v. Zoning Board of Appeals,206 Conn. 362, 372, 537 A.2d 1030 (1988). In order for a zoning board of appeals to grant a variance, there must be a hardship that originates in the zoning ordinance, and which, "arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." (Internal quotation marks omitted.) Kaeser v. ZoningCT Page 2735Board of Appeals, 218 Conn. 438, 445, 589 A.2d 1229 (1991).
Because the proposed use of the subject property was not prohibited by the zoning regulations, no hardship was imposed by the regulations, and, therefore, the board did not have the authority to grant Heritage's variance application. Grillo v. Zoning Board of Appeals, supra,206 Conn. 372; Mezick v. Zoning Board of Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 311036 (July 27, 1994,Fuller, J.) (9 C.S.C.R. 927, 928). Therefore, the board's decision was illegal, arbitrary and in abuse of its discretion. Accordingly, the plaintiffs' appeal from the decision of the board is sustained.
White, J.